IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES KEVIN MOREE II AND
JENNIFER MOREE                                                                                    PLAINTIFFS

VS.                                                                                           No. 3:06CV133-D-B

YAMAHA MOTOR COMPANY, LTD., ET. AL                                            DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently pending before the Court is the Plaintiffs' motion to remand this matter to the Circuit Court of Grenada County, Mississippi. Upon due consideration, the Court finds that the motion shall be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

Plaintiff James Moree purchased a Yamaha Grizzly ATV from Defendant Lake Hill Motors, Inc., ("Lake Hill") in 2003. Defendant Lake Hill is located in Corinth, Mississippi. In April 2003, Plaintiff James Moree was riding the ATV in Grenada County, Mississippi. The ATV rolled over and Plaintiff James Moree was seriously injured. Plaintiff James Moree asserts that when he purchased the ATV, he inquired about replacing the tires with after-market ITP tires. The salesperson for Lake Hill informed the Plaintiff that the ITP tires could be placed on the Yamaha ATV, and that placing the ITP tires on the ATV would not void the manufacturer's warranty. The Plaintiff asserts that based upon those representations, he later purchased the ITP tires. Plaintiff James Moree alleges that these tires were the primary cause of the accident that rendered him a quadriplegic.

In April 2006, the Plaintiffs filed this action in the Circuit Court of Grenada County, Mississippi. The Plaintiffs allege a litany of causes of actions against the Defendants. The

Defendants are ATV manufacturers and tire manufacturers. The Plaintiffs have alleged products liability claims, breach of warranty claims, failure to warn claims, and several negligence claims. Specifically, the Plaintiffs allege that Defendant Lake Hill negligently recommended the ITP tires for the Yamaha ATV and fraudulently and/or negligently represented that the ITP tires were safe for use on the Yamaha ATV.

The Defendants removed the action to this Court on October 18, 2006, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The Plaintiffs now move this Court to remand this action to the Circuit Court of Grenada County, Mississippi. The Plaintiffs state that removal was not proper because one of the Defendants is a resident of Mississippi. The parties do not contest the amount in controversy. However, the Defendants assert that remand is not proper because the Plaintiffs improperly joined Defendant Lake Hill Motors, Inc.

### B. *Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . . " 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the Plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing Defendants bear the burden of establishing that federal jurisdiction actually exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguity in the pleadings should be resolved in favor of

remand. Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the Court does not possess jurisdiction because this action contains a Defendant from the State of Mississippi. For removal to be proper, none of the parties in interest can be a citizen of the State where the action was brought. 28 U.S.C. §1441(b).

Here, the Plaintiffs are resident citizens of Alabama. The Plaintiffs filed this action in Mississippi, the location of the occurrence giving rise to this suit. Defendant Lake Hill is a resident citizen of Alcorn County, Mississippi. This fact, however, will not destroy federal jurisdiction if the Court finds that Lake Hill has been improperly joined in order to defeat federal jurisdiction. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002); Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). However, should the Court find that the non-diverse defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. See Travis v. Irby, 326 F.3d 644 (5th Cir. 2003); Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The party alleging improper joinder bears the burden of persuasion and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either outright fraud in the plaintiff's recitation of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. Travis, 326 F.3d at 647-48.

The Defendants here do not allege outright fraud. Thus, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Central R.R. Co., 385 F.3d 538, 573 (5th Cir. 2004) (en banc). In making this determination, the Court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs. Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005). In addition, the Court must resolve all ambiguities in the controlling state law in the Plaintiffs' favor. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

Likewise, in evaluating a claim of improper joinder, the Court does not determine whether the Plaintiff will actually prevail on the merits of the Plaintiffs' claims. Instead, the Court simply determines whether there is a possibility that the Plaintiffs will be able to state a claim against the allegedly improperly joined Defendant. Rodriguez, 120 F.3d at 591; see also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992). In moving for remand, the Plaintiffs' burden is "much lighter" than that required to survive motion for summary judgment; instead there only need be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for a case to be remanded. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L. Ed 1214 (1941).

As set forth below, the Court finds that the Defendants have failed to establish that there is no possibility that the Plaintiffs will be able to state a claim against Defendant Lake Hill.

Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

*C. Discussion*

1. General Matters

Before the Court addresses the arguments on improper joinder, it is important to clarify a few preliminary matters. First, the Court notes that the Plaintiffs filed this action *pro se*. Specifically, the Complaint in this action was filed by one of the Plaintiffs and not an attorney. As such, a court must give pleadings of a *pro se* litigant a more liberal construction than it gives to pleadings submitted by a litigant represented by counsel. Haines v. Kerner, 404 U.S. 519, 521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).

2. Removal

Second, the Court notes that the nature of this suit deviates from most state court actions removed to this Court. The Plaintiffs are citizens of the State of Alabama. The Defendants are all foreign corporations except for Defendant Lake Hill. The Plaintiffs filed this action in Grenada County, Mississippi, because a substantial part of the events giving rise to the Plaintiffs' claim occurred there. Consequently, the requirements for removal are more stringent in such a case. Congress has placed a limit on removal when the case is filed in a state and a resident Defendant is properly joined.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action of which the district courts of the United States have original jurisdiction. However, the defendant must meet the requirements set out in section 1441(b). Garcia v. Parker & Co. Worldwide, 2006 WL 197035, *2 (S.D. Tex. 2006). Under 28 U.S.C. § 1441(b), when a court has federal question jurisdiction "founded on a claim or right arising under the Constitution, treaties, or laws of the United

States," the action is removable regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). However, if the court does not have federal question jurisdiction and any of the defendants is a citizen of the state where the Plaintiff brought suit, the action is not removable. See 28 U.S.C. § 1441(b). Thus, for any action that does not "arise under the Constitution, treaties, or laws of the United States," the defendant must address the citizenship of the defendants and the source of original jurisdiction in order to determine the removability of the action. Garcia, 2006 WL 197035 at *2.

Here, Defendant Lake Hill is a citizen of the State of Mississippi. Thus, this action is not removable unless Defendant Lake Hill was not properly joined or served. See 28 U.S.C. § 1441(b). The Defendants argue that Defendant Lake Hill was improperly joined. The Court will now turn to that analysis.

3.  Improper Joinder

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood v. Illinois Central R.R. Co., 385 F.3d at 573. In the case *sub judice*, the Plaintiffs allege that resident Defendant Lake Hill negligently recommended the ITP tires for use on the Yamaha ATV. In addition, the Plaintiffs allege that resident Defendant Lake Hill negligently or fraudulently misrepresented that the ITP tires were safe for use on the Yamaha ATV.

The Defendants claim, however, that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the resident Defendant in state court. The Defendants assert that Defendant Lake Hill was an "innocent seller" and is immune from liability. In addition, the Defendants state that the Plaintiffs cannot possibly maintain a negligence claim against Defendant Lake Hill. The Defendants argue that there was no duty

owed by Lake Hill and that it was not foreseeable that such an accident would take place due to the salesperson's alleged recommendation.  Finally, the Defendants argue that the Plaintiffs cannot maintain a claim for fraudulent or negligent misrepresentation.  The Defendants argue that the no such representation was made, and if one was made, it was not a misrepresentation.  The Defendants state that the Plaintiffs cannot maintain an independent action against the resident Defendant in state court.

Upon review of the parties' submissions, the Court finds that the scenario set forth in the Plaintiffs' pleadings, if true, could possibly result in liability being imposed on Lake Hill for its alleged conduct.  The Plaintiffs have sufficiently set forth specific allegations, in paragraphs 17q and 27 of the Complaint, demonstrating that Lake Hill may have engaged in conduct that would support a finding of negligence and negligent or fraudulent misrepresentation.  See, e.g., Miss. Dep't of Mental Health v. Hall, 936 So. 2d 917, 922 (Miss. 2006) (setting forth elements of negligence under Mississippi law); Sumler v. East Ford, Inc., 915 So. 2d 1081, 1088 (Miss. Ct. App. 2005) (setting forth elements of fraudulent misrepresentation under Mississippi law); Eagle Management, LLC. v. Parks, 938 So. 2d 899, 905 (Miss. 2006) (setting forth elements of negligent misrepresentation under Mississippi law).  Accordingly, the Court finds that the Plaintiffs' allegations are sufficient to potentially state claims for negligence and fraudulent misrepresentation under Mississippi law.

Thus, the Court finds that the Defendants have not met their burden of showing that this Court has jurisdiction over this matter.  The Court further finds that the Defendants have failed to prove that Defendant Lake Hill was improperly joined in order to defeat federal jurisdiction.  The Court finds that the Defendants have not demonstrated that there is absolutely no possibility that the Plaintiffs will be able to state a claim against the Mississippi Defendant.

*D. Conclusion*

In sum, the Plaintiffs' complaint, taking all allegations set forth as true and resolving all uncertainties of state law in favor of the Plaintiffs, at least raises the possibility that they could successfully establish a tort claim against the resident Defendant Lake Hill under Mississippi law.  Accordingly, Lake Hill's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction.  Lake Hill's presence in this action means that removal of this matter was improper because its citizenship divests this Court of federal jurisdiction over this case.  As such, pursuant to 28 U.S.C. § 1447(c) this cause shall be remanded to the Circuit Court of Grenada County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 26th day of February 2007.

/s/ Glen H. Davidson
Chief Judge